# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **CHRISTOPHER JEFFERSON,** ) | |
| PLAINTIFF ) | **CIVIL ACTION NO.** |
| ) | **2:14-CV-1028-KOB** |
| v. ) | |
| ) | **LEAD CASE** |
| **BAPTIST HEALTH SYSTEM, INC.** ) | |
| DEFENDANT ) | |
| | |
| **BAPTIST HEALTH SYSTEM, INC.,** ) | |
| APPLICANT, ) | |
| ) | |
| v. ) | |
| ) | **CIVIL ACTION NO.** |
| **CHRISTOPHER JEFFERSON,** ) | **2:16-CV-1094-KOB** |
| RESPONDENT. ) | |
| ) | **MEMBER CASE** |
| ) | |

## MEMORANDUM OPINION

This case is before the court on "Plaintiff's Motion for Attorney's Fees and Costs" (doc. 42 in lead case 14-1028 and doc. 25 in the member case, 16-1094). BHS filed a response (doc. 43 in lead case 14-1028 and doc. 26 in the member case, 16-1094). For the reasons stated in this Memorandum Opinion, the court WILL GRANT the motion and WILL AWARD to the Plaintiff attorney's fees and costs in the total amount of $8,778.06.

The Plaintiff, Christopher Jefferson, requests payment for attorney fees and costs for the proceedings in this federal court after BHS filed a challenge to the arbitration award in July of 2016; as this court stated in its Memorandum Opinion denying the motion to vacate and confirming the arbitration award, the arbitration award included only attorney fees and costs

1

through the arbitration proceedings.  Mr. Jefferson's current motion requests attorney fees for subsequent proceedings before this court.  In its response, BHS asserts that the entitlement to attorneys fees ended when Mr. Jefferson prevailed on the ADA claim before the arbitrator, the arbitrator awarded attorneys fees, and BHS paid them; and further that, when Mr. Jefferson prevailed in federal court on BHS's attempt to vacate the award, he did so pursuant to the FAA, which provides no statutory basis for an award of attorney fees or costs to the prevailing party.

The court rejects BHS's argument that Mr. Jefferson's entitlement to attorney fees and costs ended with the arbitration and should not extend to proceedings in this court concerning the enforceability of the arbitration award on his ADA claim.  The ADA includes a provision for awarding attorney's fees and costs to the prevailing party, and this court FINDS, in its discretion, that Mr. Jefferson, as the prevailing party in his ADA claim, is entitled to fees and costs regarding the proceedings in the district court addressing the enforceability of the arbitration award on the ADA claim.  *See* 42 U.S.C. § 12205 (statutory attorney fees are available to prevailing parties "[i]n any action or administrative proceeding commenced pursuant to this chapter.").

The point is that the ADA claim did not end as long as BHS continued to challenge it.  Mr. Jefferson originally brought his ADA claim in federal court, the court retained jurisdiction over the ADA claim during the arbitration proceedings, and, when BHS filed a separate lawsuit challenging the ADA arbitration award, this court consolidated the two suits and entered judgment in favor of Mr. Jefferson upholding the ADA claim award.  BHS's argument that the proceedings in its federal suit were brought pursuant to the FAA, which contains no provision for attorney's fees and costs, makes no sense; the FAA does not create a substantive right or remedy,

but simply governs the forum and rules for addressing through arbitration the claims brought under other statutes or laws.  The claim in the instant suit remained an ADA claim until its conclusion, here in this court; the reason the ADA claim did not conclude with the arbitrator's decision was that BHS chose to file a petition in this court to vacate it.   The ADA's provision for attorney fees and costs applies throughout the claim's life, and would include work addressing the challenge in district court ending in a confirmation of the award in a plaintiff's favor.  The former Fifth Circuit has recognized that the authority to award attorney fees to the prevailing party in a Title VII case extends to fees incurred for work addressing the appeal terminating in the plaintiffs' favor.  *See, e.g., Marks v. Prattco, Inc.,* 633 F.2d 1122, 1126 (5th Cir. Jan. 5, 1981)[1] (rejecting the argument in a Title VII case that attorney fees are not available under discrimination statute for work on appeal, and finding instead that the authority to award attorney fees covers fees incurred during the "entire course of this unnecessarily protracted litigation," including challenges on appeal).

      Similarly, in this discrimination case under the ADA involving an "appeal" of or challenge to the arbitrator's ADA award in his favor, this court likewise has the authority to award to Mr. Jefferson attorney fees and costs incurred for successful work before this court to protect the arbitrator's decision.  BHS cites no authority to the contrary.

      Having determined that Mr. Jefferson is entitled to costs and attorney fees covering proceedings in this court, the court must next determine the amount of the award.  Mr. Jefferson's motion attaches a pre-bill including itemized expenses and descriptions of attorney

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981)(*en banc*), the Eleventh Circuit adopted as precedent all Fifth Circuit decisions handed down prior to the close of business on September 30, 1981.

services before this court beginning with the response to the petition to vacate on July 18, 2016 through this fee petition filed on March 3, 2017; the pre-bill specifies the attorneys who performed the services, the dates of the work, and the rates of those attorneys. BHS does not object to any specific items of the proffered costs, the reasonableness of the attorney fee rates, the reasonableness of the number of hours spent for the legal work, or any specific item charged. Nevertheless, this court must review the pre-bill to determine whether the expenses and fees requested are reasonable.

*Attorney Fees*

The "starting point" in the objective determination of the value of lawyers' services is to calculate a "lodestar" figure, that is, "to multiply hours reasonably expended by a reasonable hourly rate." *Norman v. Hous. Author. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988) (11th Cir. 1988) (citing *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983)). The Supreme Court has "established a 'strong presumption' that the lodestar represents the 'reasonable fee' . . . ." *Burlington v. Dague,* 505 U.S. 557, 562 (1992) (citing *Pennsylvania v. Del. Valley Citizens' Council for Clean Air,* 478 U.S. 546, 565 (1986)). In determining the lodestar figure, the court may take into account the factors set forth in *Johnson v. Ga. Highway Express, Inc.,* 488 F.2d 714, 717 (5th Cir. 1974). The twelve *Johnson* factors are as follows:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (1) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Johnson,* 488 F.2d at 717-19.

The first determination is whether the hourly rates are reasonable.  "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman,* 836 F.2d at 1299 (citing *Blum v. Stenson*, 465 U.S. 886, 895-96 (1984)).  The relevant legal community in this case is the Northern District of Alabama.  *See Knight v. Alabama,* 824 F. Supp. 1022, 1027 n. 1 (N.D. Ala. 1993) ("The relevant legal community is the area in which the court sits, which in this case is the Northern District of Alabama.").

Mr. Jefferson asks the court to approve the following hourly rates as reasonable: Jon Goldfarb—$450; and Lachlan Smith—$250. This court has recently determined in another discrimination case that the same rates charged by the same attorneys are reasonable in the Northern District of Alabama.  *See Henderson v. Mid-South Elec., Inc.,* Case No. 4:13-CV-1166 (Sept. 27, 2016).  Consistent with that ruling and the court's familiarity with the fine reputation and skills of the two lawyers and keeping in mind the relevant *Johnson* factors, the court FINDS that the attorney hourly rates are reasonable and within the prevailing market rate in the Northern District of Alabama for similar services by lawyers of reasonably comparable skills, experience, and reputation.

The next step in computing the lodestar figure is to establish the number of hours reasonably expended.  *See Norman,* 836 F.2d at 1301.  The Supreme Court requires a petitioner to exercise "billing judgment" in the hours submitted; "[h]ours that are not properly billed to one's *client* are not properly billed to one's *adversary* pursuant to statutory authority." *Hensley,* 461 U.S. at 434 (quoting *Copeland v. Marshall,* 641 F.2d 880, 891 (1980) (*en banc*) (emphasis in

original)). However, if the petitioner submits "hours that are excessive, redundant, or otherwise unnecessary," the court should reduce the number of hours accordingly. *Id.* "[O]bjections and proof from fee opponents' concerning hours that should be excluded must be specific and 'reasonably precise.'" *ACLU of Ga. v. Barnes,* 168 F.3d 423, 428 (11th Cir. 2000) (quoting *Norman,* 836 F.2d at 1301). The decision about what hours are reasonably necessary "must be left to the discretion of the court." *Norman,* 836 F.2d at 1301 & 1304.

In the instant case, BHS has not objected to any specific service task or to the time expended to perform each of those tasks. The court has reviewed the itemized tasks and the time listed for each and FINDS that none is excessive, redundant or otherwise unnecessary. Therefore, the court, in its discretion, FINDS that the time expended as set out in the pre-bill was reasonable and that no *Johnson* factors weigh in favor of increasing or decreasing the hours. Although the Supreme Court has acknowledged that, in some case, the initial calculation of the lodestar "does not end the inquiry," *Hensley,* 461 U.S. at 434, Mr. Jefferson has prevailed on the entire ADA claim, including his assertion in federal court that the arbitrator's decision on it should be confirmed, and the court, in its discretion, sees no reason to make adjustments to the lodestar.

Therefore, the court WILL GRANT the motion and APPROVE the attorney fee request in the motion, which represents a fee for attorney services from July 18, 2016 to March 3, 2017 as follows: Lachlan "Will" Smith—27.60 hours at the rate of $250 per hour for a total of $6,900; and Jon C. Goldfarb—3.30 hours at the rate of $450 per hour for a total of $1,485; the combined award of attorney's fees for the services of both attorneys is $8,385.00

The court notes that Mr. Jefferson's motion includes an alternative request for attorney fees as a sanction "to the extent that the Court finds the grounds [for attorney fees under 42 U.S.C. § 12205] insufficient to support an award of fees . . . ." (Motion doc. 25, at 5).  As the court has found sufficient grounds for an award of attorney fees under 42 U.S.C. § 12205, the court need not and does not address this alternative request.

*Costs*

Under Federal Rule of Civil Procedure 54, a prevailing party should recover the costs of litigation.  *See* Fed. R. Civ. P 54(d)(1).  In addition, 42 U.S.C. § 12205 provides that the court may allow the prevailing party, as part of the attorney's fee award, "litigation expenses, and costs."  42 U.S.C. § 12205.

Mr. Jefferson's motion itemizes costs in the total amount of $393.06.  BHS has not objected to any of the itemized costs.  The court has reviewed the itemized costs and FINDS, in its discretion, that the listed costs are necessary for use in the case and reasonable; therefore, the court WILL AWARD to Mr. Jefferson, as prevailing party, litigation expenses in the amount of $393.06 for proceedings in and involving this federal court and WILL GRANT the motion to the extent requested.

In sum, the court FINDS that the motion is due to be GRANTED; for matters in this federal court beginning with BHS's petition to vacate the arbitration award and ending with this motion, the court WILL AWARD to Mr. Jefferson attorney fees in the amount requested of $8,385.00 and WILL AWARD to Mr. Jefferson costs in the amount of $393.06 for a combined

award to Mr. Jefferson of attorney fees and costs in the amount of $8,778.06.

Dated this 28th day of March, 2017.

_____
KARON OWEN BOWDRE
CHIEF UNITED STATES DISTRICT JUDGE